CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED-for
Roanoke
JUL 0 6 2006
JOHN F. CORCORAN, CLERK
BY: /s/ M. Hupp
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| VIKI ARRINGTON,<br>    Petitioner, | Civil Action No. 7:06CV00351 |
| v. | MEMORANDUM OPINION |
| BARBARA J. WHEELER, WARDEN,<br>    Respondent. | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Viki Arrington, a Virginia inmate proceeding pro se, filed this action as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Arrington challenges the validity of her convictions in the Circuit Court for the County of Bedford. For the following reasons, Arrington's petition is untimely and must be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[1]

## BACKGROUND

On September 17, 2002, Arrington was convicted of felony second degree murder; driving while intoxicated (DWI), third offense in ten years; and driving on a suspended license. Arrington was sentenced to a term of imprisonment of twenty-seven years, with seventeen years suspended, for the murder conviction. She also received a two-year sentence for the DWI conviction, and a one-year sentence for violating her license restrictions. Arrington did not file a direct appeal.

On September 14, 2004, Arrington filed a petition for writ of habeas corpus in the Supreme Court of Virginia. The petition was dismissed on December 1, 2005.

---

[1] Rule 4 provides that the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief...."

Arrington mailed the instant petition on June 6, 2006.[2] On June 12, 2006, the court conditionally filed the petition and advised Arrington that the petition appeared to be untimely. The court directed Arrington to submit any additional argument and/or evidence concerning the timeliness of her petition within twenty days. Arrington filed a response to the conditional filing order on June 27, 2006. The petition is now ripe for review.

## **DISCUSSION**

A one-year period of limitation applies to habeas petitions filed under § 2254. 28 U.S.C. § 2244(d)(1). Generally, the one-year period runs from the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking direct review. See § 2244(d)(1)(A).[3] Pursuant to § 2244(d)(2), the one-year period of limitation is tolled while an inmate's "properly filed application for State post-conviction or other collateral review" is "pending." 28 U.S.C. § 2244(d)(2).

In this case, Arrington was sentenced on September 17, 2002. Because she did not appeal her convictions or sentences, they became final on October 17, 2002, the date on which her time to appeal expired. See Va. Sup. Ct. R. 5:A. Thus, Arrington had until October 17, 2003 to file a timely petition under § 2254. See § 2244(d)(1)(D). Arrington did not mail the instant petition

---

[2]The petition is a copy of the petition filed in the Supreme Court of Virginia.

[3]Under § 2244, the one-year period of limitation begins to run on the latest of four dates: "(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1).
    Here, the petitioner has not alleged anything to support the court's reliance on subsections (B), (C), or (D). Therefore, I conclude that the one-year period of limitation began to run on the date the petitioner's conviction became final.

2

until June 6, 2006, more than two and a half years after the one-year period expired. As a result, the petition is untimely.[3] Since Arrington has not demonstrated any grounds for equitable tolling, the petition must be dismissed.

The Clerk is directed to send certified copies of this opinion and the accompanying order to the petitioner and counsel of record for the respondent.

**ENTER**: This 6th day of July, 2006.

/s/ Jackson L. Kiser
Senior United States District Judge

---

[3] Although the one-year period of limitation is tolled while an inmate's "properly filed application for State post-conviction or other collateral review" is pending, 28 U.S.C. § 2244(d)(2), the one-year period of limitation had already expired by the time Arrington executed her state habeas petition.