CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED—for
Roanoke
AUG - 9 2006
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| VIKI ARRINGTON, | ) | |
|    Petitioner, | ) | Civil Action No. 7:06CV00351 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| BARBARA J. WHEELER, WARDEN, | ) | By: Hon. Jackson L. Kiser |
|    Respondent. | ) | Senior United States District Judge |

This case is presently before the court on the petitioner's motion for rehearing (docket #10) and her petition for rehearing en banc (docket #12), which I will construe as motions for reconsideration. For the following reasons, the motions will be denied.

The petitioner, Viki Arrington, a Virginia inmate proceeding pro se, filed this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, on June 8, 2006. By order entered June 12, 2006, United States Magistrate Judge Michael F. Urbanski advised Arrington that her petition appeared to be untimely under 28 U.S.C. § 2244(d)(1)(A). The Magistrate Judge directed Arrington to submit additional evidence and/or argument regarding the timeliness of her petition within twenty days. Arrington filed a response to the Magistrate Judge's order on June 27, 2006. Upon reviewing Arrington's petition and her additional evidence, I determined that her petition was untimely under § 2244(d)(1)(A). Since Arrington had not demonstrated any grounds for equitable tolling, I dismissed the petition, sua sponte, pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

In her present motions, Arrington argues that she should be entitled to equitable tolling, because she was "abandoned" by the attorney who represented her as part of the state habeas proceedings. However, this argument is without merit. It is well established that ineffective assistance of counsel generally fails to warrant equitable tolling. See Rouse v. Lee, 339 F.3d

238, 248-249 (4th Cir. 2003); Beery v. Ault, 312 F.3d 948, 951 (8th Cir. 2002); 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254). Moreover, equitable tolling "is appropriate when, but only when, 'extraordinary circumstances beyond [the petitioner's] control prevented [her] from complying with the statutory time limit.'" Spencer v. Sutton, 239 F.3d 626, 630 (4th Cir. 2001) (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). In this case, the period for filing a federal habeas petition had already expired by the time Arrington's state petition was filed. Therefore, even assuming that Arrington's attorney abandoned her during the course of the state habeas proceedings, the alleged abandonment did not prevent her from complying with the statutory time limit. For these reasons, Arrington is not entitled to equitable tolling.

Arrington also argues that the petition should be reinstated because she did not receive a copy of the respondent's motion to dismiss. However, because the petition was dismissed sua sponte under Rule 4 of the Rules Governing Section 2254 Cases, the respondent was never served with a copy of the petition. Thus, no motion to dismiss was ever filed.

For the reasons stated, Arrington's motions for reconsideration will be denied. The Clerk is directed to send certified copies of this opinion and the accompanying order to Arrington and counsel of record for the respondent.

ENTER: This 9th day of August, 2006.

/s/ Jackson L. Kiser
Senior United States District Judge